IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| HERNANDO JAVIER VERGARA, | |
| Petitioner, | CIVIL ACTION NO.: 2:21-cv-58 |
| v. | |
| WARDEN-FCI JESUP, | |
| Respondent. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Hernando Vergara ("Vergara"), who is incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Vergara filed a Response.  Docs. 8, 10.  Vergara also filed a Motion to Amend/Correct Error in the Court's Caption.  Doc. 6.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Vergara's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Vergara leave to appeal *in forma pauperis*.  I **GRANT in part** Vergara's Motion to Correct, but only to the extent "Warden-FCI Jesup" is not the properly named Respondent in this case.[1]

## BACKGROUND

Vergara was convicted in the Middle District of Florida, after a bench trial, of transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1), and

---

[1] The parties agree the Warden at the Jesup facility is not the properly named Respondent in his case.  Doc. 8 at 5–7; Doc. 10 at 1.  However, the parties do not agree on the proper Respondent.  Given the recommended disposition in this case, the Court declines to address the issue any further than disposing of Vergara's Motion.

possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Doc. 8-1 at 2. The Honorable James Whittemore sentenced Vergara to a 96-month sentence on both counts, to be served concurrently with each other, and to a life term of supervised release. Id. at 3, 4. In addition to the standard conditions of supervision, Judge Whittemore imposed special conditions of supervision, including, as relevant here, Special Condition #5: "The defendant shall have no direct contact with minors . . . without the written approval of the probation officer and shall refrain from entering any area where children frequently congregate including: schools, day-care centers, theme parks, playgrounds, etc." Id. at 5. Vergara has a projected release date of November 13, 2021, via a 18 U.S.C. § 3261(e) condition (concerning substance abuse treatment). Doc. 1 at 23, 24.

Vergara has filed a § 2241 Petition and seeks to attack certain aspects related to Special Condition #5. Doc. 1. Respondent filed a Motion to Dismiss, and Vergara filed a Response. Docs. 8, 10. This matter is ripe for review.

## DISCUSSION

**I.    This Court Lacks Jurisdiction Under § 2241 to Consider Vergara's Petition**

In his Petition, which was filed with the District Court for the Northern District of Georgia and transferred to this Court, Vergara contends two United States Probation Officers with the Northern District of Georgia have denied his requests for relocation to two addresses in Georgia, one in Fulton County and the other in Cobb County, despite these addresses being approved for residency by sex offenders. Doc 1 at 3. Vergara asserts he is a resident of Georgia, but he is being forced to obtain a residence in Florida, essentially rendering him homeless. Id. In addition, Vergara contends he has earned a year off of his sentence based on his completion of the Residential Drug Abuse Program, but he cannot obtain benefit of this credit until he is

2

released and cannot be released until he has an approved residence. Id. at 4. Vergara alleges these denials of his proffered addresses have caused him to serve time beyond his previous release date of May 13, 2021. Id. at 3, 4.[2]

Respondent maintains Vergara is challenging a condition of his supervised release, and, as such, he must bring his request to the sentencing court, which is the Middle District of Florida. Doc. 8 and 3–5. Respondent alleges the sentencing court retains jurisdiction over modifications to terms of supervised release unless and until the sentencing court transfers jurisdiction, which has not occurred. Id. at 4. Respondent notes Vergara has petitioned the Middle District of Florida to modify the residency conditions and restrictions of his supervised release, but he was unsuccessful. Id. at 5.

Section 3583(e)(2) of Title 18 of the United States Code authorizes a sentencing court to modify a term of supervised release, after consideration of the sentencing factors found in 18 U.S.C. § 3553(a). See also 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony . . ., may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ."). Only the court which sentenced a petitioner can "modify, reduce, or enlarge the conditions of supervised release." Mathis v. United States, Case No. 8:19-cv-2599, 2019 WL 5535220, at *1 (M.D. Fla. Oct. 24, 2019) (quoting Eleazar v. Menifee, No. 05 Civ. 533, 2006 WL 3634382, at *2 (S.D.N.Y. Dec. 13, 2006)). In other words, a court lacks jurisdiction under § 2241 to "alter" a term of supervised release if that court is not the sentencing court, as such a determination "falls exclusively within the authority" of the sentencing court. Salyer v. Young, Case No. 5:19-cv-

---

[2] Based on the information before the Court, Vergara became eligible for home detention on May 13, 2021. Doc. 1 at 23. However, this does not indicate he was required to be released to home detention on that date.

3

00875, 2020 WL 6145035, at *5 (S.D.W. Va. July 29, 2020), *adopted by* 2020 WL 6142254 (S.D.W. Va. Oct. 19, 2020).

Vergara was sentenced in the District Court for the Middle District of Florida, and there is nothing upon the record and docket of that case indicating that court has transferred jurisdiction over Vergara's sentence or any part thereof, including his supervised release. United States v. Vergara, Case No. 5:16-cr-00021 (M.D. Fla.). In fact, Vergara filed a motion to modify the conditions of his supervised release, based on § 3583(e)(2), with the Middle District of Florida—the sentencing court—prior to filing his § 2241 Petition and specifically discussed Special Condition #5, noting the United States Probation Office twice denied his requests to change his release address, as his minor nieces live with his sister in Georgia. Id. at ECF No. 73. Judge Whittemore denied Vergara's motion, finding Special Condition #5 is "reasonably related to the nature of his crime and prior criminal history." Id. at ECF No. 82, p. 3.

Vergara has requested a modification to the terms of his supervised release with the Middle District of Florida, his sentencing court, as he should have. He was simply unsuccessful. However, Vergara's lack of success in the sentencing court does not confer jurisdiction under § 2241 to this Court for consideration of Vergara's request to modify a term or condition of his sentence. For these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Vergara's Petition.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Vergara leave to appeal *in forma pauperis*. Though Vergara has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Vergara's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Vergara *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Vergara's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Vergara leave to appeal *in forma pauperis*. I **GRANT in part** Vergara's Motion to Amend/Correct.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of October, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA