# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 𝔉𝔬𝔯 𝔱𝔥𝔢 𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞 𝔅𝔯𝔲𝔫𝔰𝔴𝔦𝔠𝔨 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫

| | | |
|---|---|---|
| HERNANDO JAVIER VERGARA, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:21-cv-58 |
| v. | * | |
| WARDEN-FCI JESUP, | * | |
| Respondent. | * | |

## ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 11. Petitioner Hernando Vergara ("Vergara") filed Objections to the Report and Recommendation, and a Supplement to his Objections. Dkt. Nos. 13, 16.

In his Objections, Vergara states the proper recommendation would be to transfer his 28 U.S.C. § 2241 Petition to the correct venue, which he claims is the Northern District of Georgia, not the dismissal of his claims. Id. at 2. In addition, Vergara asserts he is not challenging a condition of the supervised release portion of his sentence, but, rather, the justifications for the denials of his two proposed release addresses. Id. Vergara agrees this Court is not the proper venue for his claims. Id.

AO 72A
(Rev. 8/82)

While the Court notes he originally filed his Petition with the District Court for the Northern District of Georgia, that court transferred Vergara's Petition to this Court, as Vergara is housed in this District. Dkt. Nos. 1, 2. Vergara must have approval from United States Probation for his release address. Dkt. No. 11 at 2. This Court simply is not the proper venue to entertain Vergara's claims. If he wishes to contest any conditions of his supervised release, Vergara may file another motion with the sentencing court or perhaps an original pleading with the Northern District of Georgia, the District to which Vergara wishes to relocate after his release. See Davis v. Hollingsworth, No. CIV 08-CV-798, 2009 WL 2241123, at *1 (S.D. Ill. July 24, 2009) (finding § 2241 is not the proper mechanism to challenge a denial of relocation but also finding a petitioner must exhaust his administrative remedies before filing a § 2241 petition and an action filed under the Administrative Procedures Act has rules and procedures applicable to it which differ from those applicable to § 2241 petitions). However, this Court will not transfer the instant Petition back to the Northern District of Georgia, as that court has already determined the Northern District is not the proper venue for Vergara's claims via § 2241 and may transfer his Petition back to this Court. This Court offers no opinion as to

AO 72A
(Rev. 8/82)

the relative merits of Vergara's claims, regardless of the characterization or avenue he wishes to pursue.

Accordingly, the Court **OVERRULES** Vergara's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **GRANTS** Respondent's Motion to Dismiss, **DENIES** Vergara's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Vergara *in forma pauperis* status on appeal.

SO ORDERED, this \_\_\_8\_\_\_ day of \_\_\_November\_\_\_, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA